# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | |
| **Originating No. & Caption** | |
| **Originating Court/Agency** | |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | | |
| Time allowed for filing in Court of Appeals | | |
| Date of entry of order or judgment appealed | | |
| Date notice of appeal or petition for review filed | | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ○ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ○ No |

01/30/2013
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ○ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ○ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

See attached additional pages

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Peter J. Wellin, individually and as co-trustee and beneficiary of the Wellin Family 20 | Adverse Party: Cynthia W. Plum, individually and as co-trustee and beneficiary of the Wellin Family 20 |
| Attorney: Robert H. Brunson, Esquire | Attorney: Robert H. Brunson, Esquire |
| Address: Nelson Mullins Riley & Scarborough, LLP<br>151 Meeting Street, 6th Floor, Charleston<br>SC 29401 | Address: Nelson Mullins Riley & Scarborough, LLP<br>151 Meeting Street, 6th Floor, Charleston<br>SC 29401 |
| E-mail: robert.brunson@nelsonmullins.com | E-mail: robert.brunson@nelsonmullins.com |
| Phone: (843) 853-5200 | Phone: (843) 853-5200 |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: Marjorie W. King, individually and as co-trustee and beneficiary of the Wellin Family 20 | Adverse Party: Friendship Management, LLC |
| Attorney: Robert H. Brunson, Esquire | Attorney: Robert H. Brunson, Esquire |
| Address: Nelson Mullins Riley & Scarborough, LLP<br>151 Meeting Street, 6th Floor, Charleston<br>SC 29401 | Address: Nelson Mullins Riley & Scarborough, LLP<br>151 Meeting Street, 6th Floor, Charleston<br>SC 29401 |
| E-mail: robert.brunson@nelsonmullins.com | E-mail: robert.brunson@nelsonmullins.com |
| Phone: (843) 853-5200 | Phone: (843) 853-5200 |

**Appellant** (Attach additional page if necessary.)

| | |
|---|---|
| Name: Lester S. Schwartz, as Trust Protector of the Wellin Family 2009 Irrevocable Trust<br>Attorney: Richard S. Rosen<br>Address: Rosen Rosen & Hagood, LLC<br>151 Meeting Street, Suite 400<br>Charleston, SC 29401<br>E-mail: rsrosen@rrhlawfirm.com<br>Phone: (843) 577-6726 | Name: Lester S. Schwartz, as Trust Protector of the Wellin Family 2009 Irrevocable Trust<br>Attorney: H. Brewton Hagood<br>Address: Rosen Rosen & Hagood, LLC<br>151 Meeting Street, Suite 400<br>Charleston, SC 29401<br>E-mail: bhagood@rrhlawfirm.com<br>Phone: (843) 577-6726 |

**Appellant (continued)**

| | |
|---|---|
| Name: Lester S. Schwartz, as Trust Protector of the Wellin Family 2009 Irrevocable Trust<br>Attorney: Daniel F. Blanchard, III<br>Address: Rosen Rosen & Hagood, LLC<br>151 Meeting Street, Suite 400<br>Charleston, SC 29401<br>E-mail: dblanchard@rrrhlawfirm.com<br>Phone: (843) 577-6726 | Name:<br>Attorney:<br>Address:<br>E-mail:<br>Phone: |

**Signature:** s/ Daniel F. Blanchard, III **Date:** January 15, 2015

**Counsel for:** Appellant Lester S. Schwartz, as Trust Protector of the Wellin Famil

**Certificate of Service**: I certify that on 1/15/15 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Robert H. Brunson, Esquire<br>Bryson M. Geer, Esquire<br>Patrick C. Wooten, Esquire<br>Merritt G. Abney, Esquire<br>Nelson Mullins Riley & Scarborough, LLP<br>151 Meeting Street, 6th Floor, Charleston SC 29401 | Robert H. Hood, Esquire<br>James B. Hood, Esquire<br>Molly Agnes Hood Craig, Esquire<br>Hood Law Firm, LLC<br>172 Meeting Street<br>Charleston, SC 29401 |
| Signature: s/ Daniel F. Blanchard, III | Date: January 15, 2015 |

Print Save Reset Form

*Appeal No. 15-1028*
*Lester S. Schwartz, as Trust Protector of the Wellin Family 2009 Irrevocable Trust v. Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, Individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust, Friendship Management, LLC, and Cynthia W. Plum, as Manager of Friendship Management, LLC*

**Docketing Statement – Additional Information re Adverse Parties**

Peter J. Wellin, Individually and as Co-Trustee and Beneficiary of the Wellin Family 2009 Irrevocable Trust

Cynthia W. Plum, Individually and as Co-Trustee and Beneficiary of the Wellin Family 2009 Irrevocable Trust

Marjorie W. King, Individually and as Co-Trustee and Beneficiary of the Wellin Family 2009 Irrevocable Trust

Friendship Management, LLC

Cynthia W. Plum, as Manager of Friendship Management, LLC

**Docketing Statement – Additional Information re Counsel for Adverse Parties**

Robert H. Brunson, Esquire
Bryson M. Geer, Esquire
Patrick C. Wooten, Esquire
Merritt G. Abney, Esquire
Nelson Mullins Riley & Scarborough, LLP
151 Meeting Street, 6th Floor
Charleston, SC  29401
(843) 853-5200
robert.brunson@nelsonmullins.com
bryson.geer@nelsonmullins.com
patrick.wooten@nelsonmullins.com
merritt.abney@nelsonmullins.com

**Docketing Statement – Nature of the Case**

On November 2, 2009, Keith S. Wellin ("Keith"), as Grantor, created the Wellin Family 2009 Irrevocable Trust agreement ("the Trust"). Plaintiff Lester S. Schwartz ("Schwartz"), as the Trust Protector appointed under the terms of the Trust, brought this action against Keith's children (Defendants Peter J. Wellin, Cynthia W. Plum, and Marjorie W. King) for their immediate removal as Co-Trustees of the Trust and to restore over $150 million in Trust assets that Keith's children improperly liquidated and then distributed from the Trust (including over $95 million to themselves personally). Despite Schwartz's position as Trust Protector of the Trust, District Judge David C. Norton held that Schwartz is not a real party in interest under FED. R. CIV. PRO. 17(a) with authority to bring this action and dismissed Schwartz's claims "with prejudice" pursuant to FED. R. CIV. PRO. 12(b)(6). Schwartz appeals this order as well as other interlocutory rulings made in the case, including the District Judge's order dissolving a prior temporary restraining order and refusing a preliminary injunction restraining Keith's children from disposing of the Trust assets which they had liquidated and distributed to themselves.

When this action was filed on December 17, 2013, Keith was an 86 year old retired entrepreneur and Wall Street investor who had amassed a sizable net worth by making prudent investments, one of which was the purchase of many Class A Berkshire Hathaway common shares ("BRKa") that had significantly increased in value over the years. Keith also owned a limited partnership known as Friendship Partners, LP and transferred shares of the BRKa stock to that limited partnership.

Keith created the Trust as a "dynasty" or "legacy" trust to benefit not only his children (Defendants Peter J. Wellin, Cynthia W. Plum, and Marjorie W. King), but also to benefit his grandchildren and his other future lineal descendants. Article III of the Trust agreement states it shall be governed by South Dakota law. South Dakota has abrogated the Rule Against Perpetuities. The Trust agreement and South Dakota trust law mandate that distributions of principal or income from the Trust are to be made to the beneficiaries based on need and only for certain limited purposes such as health, support, maintenance, and education. Under the terms of the Trust and South Dakota law, Keith's children (who are named as co-trustees and beneficiaries of the Trust) are prohibited from distributing trust income or principal to themselves for any purpose other than health, education, maintenance, and support in their accustomed manner of living.

In 2009, Keith transferred his entire interest in Friendship Partners, LP to the Trust in exchange for a promissory note. At that time, the underlying value of the BRKa stock represented by his interest was worth approximately $90 million. By November of 2013, the value of the BRKa stock had significantly grown in value and was worth over $154 million.

In addition to naming Keith's children as co-trustees, the Trust agreement also appoints a corporate trustee, initially to be South Dakota Trust Company, LLC of Sioux Falls, South Dakota ("SDTC"), and a Trust Protector, initially to be Thomas M. Farace. On November 20, 2013, pursuant to powers granted and reserved to him in the Trust document, Keith (as Grantor) removed the existing Trust Protector and appointed Schwartz as the replacement Trust Protector. Schwartz is an attorney licensed by the State of South Carolina and practices law in Charleston, South Carolina. He is certified by the South Carolina Supreme Court's Commission on Continuing Education and Specialization as a specialist in Estate Planning & Probate Law and Taxation Law.

On November 20, 2013, pursuant to powers granted in the Trust document, Schwartz removed SCTC as the corporate trustee and appointed Brown Brothers Harriman Trust Company of Delaware, N.A. ("Brown Brothers") as the replacement corporate trustee. On that date, Schwartz also exercised the powers granted to him in the Trust and made several amendments to the Trust's administrative provisions, including an amendment stating that the Trust Protector may prosecute or defend litigation for the protection of Trust assets. Schwartz further amended the Trust's administrative provisions to require that all powers and discretions conferred upon the Trustees must be exercised by the unanimous vote of the Trustees. Brown Brothers, as corporate trustee of the Trust, acknowledged these amendments in writing on November 21, 2013.

In November and December of 2013, without notice to Schwartz or notice to or vote by the corporate Trustee, Keith's children caused all of the underlying assets of the Trust (worth more than $154 million) to be sold and liquidated and then distributed over $95 million of the Trust assets to themselves personally. Because of the actions of Keith's children, there are no assets remaining in the Trust to benefit Keith's grandchildren or his other lineal descendants.

On December 17, 2013, in his capacity as Trust Protector, Schwartz commenced this action in the Charleston County Probate Court, State of South Carolina, against Keith's children, individually and in their capacities as beneficiaries and Co-Trustees of the Trust; Friendship Management, LLC; Cynthia W. Plum, as Manager of Friendship Management, LLC; Friendship Partners, LP; and Keith S. Wellin, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2011, as Trustee of the KSW 2011 Qualified Grantor Retained Annuity Trust, and as Trustee of the KSW 2012 Qualified Grantor Retained Annuity Trust u/a/d November 28, 2012. The Complaint sets forth claims against Keith's children for breach of fiduciary duty, conversion, removal of Trustees, restitution, recovery of attorneys' fees, and a temporary restraining order and preliminary injunction. The Complaint alleges that Keith's children breached their fiduciary duties as Co-Trustees of the Trust by liquidating all of the Trust's assets and distributing over $95 million of the assets to themselves personally in violation of provisions in the Trust agreement and South Dakota trust law. The lawsuit seeks, *inter alia*, to require Keith's children to restore the Trust assets and to make the

Trust whole. The actions of Keith's children caused the Trust to lose significant appreciation in value. The value of the BRKa shares rose substantially since Keith's children sold the stock in 2013. As of the close of trading on January 5, 2015, the same shares are worth nearly $198 million. Thus to restore the Trust to full value, Keith's children must not only return the proceeds of over $154 million, but must pay another $40.3 million in damages.

On December 20, 2013, Schwartz applied for and was granted an *ex parte* temporary restraining order by the Charleston County Probate Court immediately restraining Keith's children from transferring, selling, or otherwise disposing of or exercising any control over any of the cash, funds, or proceeds realized from the liquidation and sale of the BRKa stock.

On December 27, 2013, Keith's children removed this action to the United States District Court for the District of South Carolina, Charleston Division.

On December 28, 2013, Schwartz filed a motion in the District Court seeking to extend the temporary restraining order previously entered by the Probate Court and for a preliminary injunction.

On January 3, 2014, Schwartz filed a voluntary dismissal without prejudice of the claims asserted against Friendship Partners, LP and Keith S. Wellin, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2011, as Trustee of the KSW 2011 Qualified Grantor Retained Annuity Trust, and as Trustee of the KSW 2012 Qualified Grantor Retained Annuity Trust u/a/d November 28, 2012.

On January 7, 2014, District Judge David C. Norton entered an order denying Schwartz's motion for an extension of the temporary restraining order and a preliminary injunction and dissolved the temporary restraining order previously entered by the Charleston County Probate Court.

On January 17, 2014, Keith's children filed a motion to dismiss pursuant to FED. R. CIV. PRO. 12(b)(6) asserting that Schwartz is not a real party in interest under FED. R. CIV. PRO. 17(a) with the ability to prosecute this action for the protection of Trust assets or removal of Trustees. On January 17, 2014, Keith's children also filed an Answer & Counterclaims purporting to assert Counterclaims against Schwartz and Keith seeking (i) a judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* that Keith's appointment of Schwartz as Trust Protector is invalid under the terms of the Trust document and (ii) a judgment under the Declaratory Judgment Act that the amendments made by Schwartz to the Trust in November of 2013 as Trust Protector allegedly are invalid and void.

On February 3, 2014, Schwartz filed his opposition to the motion to dismiss. Schwartz requested the District Court to deny the motion and further argued, in the alternative, the Court should appoint a trustee *ad litem* (TAL) or guardian *ad litem* (GAL) to represent the interests of the unrepresented Trust beneficiaries (including Keith's other "lineal descendants" including persons not yet born or ascertained) and to grant a reasonable period of time for this appointee to seek substitution as a party or to ratify or join in this action under FED. R. CIV. PRO. 17(a)(3). On February 12, 2014, Schwartz also filed a separate motion requesting the appointment of a GAL or TAL to represent and protect the interests of Keith's other "lineal descendants," including persons not yet born or ascertained.

On February 7, 2014, Schwartz filed his Reply to the Defendants' Counterclaims. On March 10, 2014, the District Court advised the parties that it did not consider Keith to be a proper party to the action because he had been voluntarily dismissed from the suit before Keith's children had filed their Counterclaims. Subsequently, on April 11, 2014, Keith's children added Keith as an additional Counterclaim Defendant. On April 21, 2014, Keith filed his Reply to the Counterclaims and also filed a Counterclaim against his children seeking their removal as Co-Trustees of the Trust.

On April 17, 2014, the District Court entered an order denying Schwartz's motion for appointment of a TAL or GAL and granting Keith's children's motion to dismiss based on the finding that Schwartz is not a real party in interest under FED. R. CIV. PRO. 17(a) with the ability to prosecute an action for the protection of Trust assets or removal of trustees. In part III.B.1 of the order, the District Court held that "[b]ecause Schwartz has not demonstrated he has personally suffered an actual or threatened injury in this case, the court finds that he is not a real party in interest" and "[a]s a result, the court must dismiss the case." In part III.B.2 of the order, in the context of reviewing the so-called "litigation amendment" to the Trust which provides that the trust protector may prosecute litigation for the protection of Trust assets, the District Court initially ruled that the amendment exceeds the trust protector's power to amend the Trust's administrative provisions and deemed the amendment invalid. The order further provides in part as follows: "The court **WILL DISMISS** this case **WITH PREJUDICE** unless a real party in interest ratifies, joins, or substitutes itself as plaintiff within fifteen (15) days of the date of this order." This fifteen day period for ratification, joinder, or substitution was set to expire on May 2, 2014.

On May 2, 2014, Schwartz exercised a power granted to him in the Trust agreement and appointed Larry S. McDevitt ("McDevitt") as an additional Trustee of the Trust. McDevitt is an attorney licensed in the State of North Carolina and practices in Asheville, North Carolina. Also on May 2, 2014, pursuant to FED. R. CIV. PRO. 15, 17(a), and 20 and the District Court's April 17, 2014 order, McDevitt, as a Trustee of the Trust, timely ratified the commencement of this action and filed a motion in the District Court seeking to ratify, join in, and/or be substituted or added as party-plaintiff in this action. McDevitt

further moved the District Court for leave to file and serve an amended and supplemental complaint to reflect his ratification, joinder, and/or substitution.

On May 15, 2014, Schwartz filed a motion under FED. R. CIV. PRO. 59 to alter or amend the District Court's order finding that he is not a real party in interest and denying his motion for appointment of a TAL or GAL. On that same date, Keith's children filed a motion to alter or amend under FED. R. CIV. PRO. 59 requesting the District Court to modify its order so as to retain jurisdiction over their Counterclaims against Schwartz and Keith. On May 15, 2014, Keith also filed a motion to alter or amend the District Court's order.

On August 14, 2014, the District Court entered an order denying the separate motions to alter or amend filed by Schwartz, Keith, and Keith's children.

On September 12, 2014, while McDevitt's motion to join in the action was still pending in the District Court, Schwartz timely filed a Notice of Appeal involving the District Court's order entered on April 17, 2014 dismissing Schwartz from the case with prejudice (including all interlocutory orders merged into that order and/or judgment) and the order entered August 14, 2014 denying Schwartz's motion to alter and/or amend. Schwartz's appeal has been docketed in this Court as Case No. 14-1964 and is currently pending.

Keith died on September 14, 2014.

On October 9, 2014, the District Court granted McDevitt's motion to join in the action and substituted him as a party-plaintiff in this case. McDevitt, as Trustee, filed an Amended Complaint on October 10, 2014.

On October 31, 2014, Keith's children moved to dismiss McDevitt's claims based on their contention that they executed documents subsequent to the filing of the Amended Complaint which they assert removed McDevitt as a Trustee and prevent him from prosecuting this action for protection of the Trust. McDevitt has filed an opposition to the motion. The motion is pending in the District Court.

On November 11, 2014, Keith's children filed a motion in this Court seeking to dismiss Schwartz's appeal in Case No. 14-1964 based on the argument that the District Court did not expressly "certify" its order as being "final and immediately appealable" pursuant to FED. R. CIV. PRO. 54(b). Schwartz filed an opposition to the motion. The motion is currently pending in this Court.

On November 18, 2014, Schwartz filed a motion in the District Court requesting it to expressly certify its order issued on April 17, 2014 in accordance with Rule 54(b) to resolve any issues regarding the appealability of the order. Keith's children filed an

opposition to the motion. The District Court has not yet ruled on the motion, but has scheduled a hearing to take place on February 4, 2015.

On December 15, 2014, after the motion for certification was filed, the District Court *sua sponte* reconsidered its April 17, 2014 order pursuant to Rule 54(b) and issued a revised order and ruling. In the revised order, the District Court deleted part III.B.2 of its prior order discussing whether the litigation amendment is valid. However, the District Court again held that "[t]his order does not disturb the court's ultimate ruling [that] Schwartz is not a real party interest and therefore is not a proper plaintiff in this case."

On December 18, 2014, Schwartz filed an amended and/or supplemental motion in the District Court requesting it to expressly certify its revised order entered on December 15, 2014 in accordance with Rule 54(b). Keith's children filed an opposition to the motion. This motion has not yet been ruled on by the district court, but will be taken up at the February 4, 2015 hearing.

On January 5, 2015, Schwartz filed an Amended Notice of Appeal in the District Court to specifically include an appeal from the District Court's revised order entered on December 15, 2014. This appeal has been docketed in this Court as Case No. 15-1028 and is currently pending.

**Docketing Statement – Issues Presented**

    1.    Whether the District Court committed reversible error by granting the Defendants' motion to dismiss under FED. R. CIV. PRO. 12(b)(6) and in holding that Schwartz, as duly appointed Trust Protector of the Trust, is not a real party in interest under FED. R. CIV. PRO. 17(a) with authority to bring an action against the Defendants for protection of Trust assets and the Defendants' removal as Co-Trustees.

    2.    Whether the District Court erred by holding that Schwartz, as duly appointed Trust Protector of the Trust, is not a real party in interest under FED. R. CIV. PRO. 17(a) with authority to bring an action against the Defendants for protection of Trust assets and the Defendants' removal as Co-Trustees based on its holding that a "trust protector" is not expressly listed in S.D. CODIFIED LAWS § 15-6-17(a).

    3.    Whether the District Court erred by holding that Schwartz, as duly appointed Trust Protector of the Trust, is not a real party in interest under FED. R. CIV. PRO. 17(a) with authority to bring an action in his representative capacity against the Defendants for protection of Trust assets and the Defendants' removal as Co-Trustees because he has not personally suffered an actual or threatened injury as a result of the Defendants' actions.

4.     Whether the District Court erred by holding that the express terms of the Trust instrument (including the original Trust agreement and the amendment made to the Trust's administrative provisions on November 20, 2013) or applicable law do not authorize Schwartz, as the duly appointed Trust Protector of the Trust, to bring a lawsuit to protect the Trust assets or to remove Trustees for violations of their fiduciary duties.

5.     Whether the District Court erred by holding that Schwartz's implied or inferred powers, as the duly appointed Trust Protector of the Trust, do not authorize him to bring a lawsuit to protect the Trust assets or to remove Trustees for violations of their fiduciary duties.

6.     Whether the District Court erred by relying on matter outside the Complaint, including an excerpt of Schwartz's testimony given at a preliminary hearing after the suit was filed, to grant the Defendants' motion to dismiss under FED. R. CIV. PRO. 12(b)(6).

7.     Whether the District Court erred by relying upon an excerpt of Schwartz's testimony given at a preliminary hearing relating to his understanding of the Trust document to vary, override, or interpret the terms and provisions of the Trust.

8.     Whether the District Court erred by holding that S.D. CODIFIED LAWS § 55-3-20.1 does not authorize Schwartz, as the duly appointed Trust Protector of the Trust, to bring an action against the Defendants for their removal as Co-Trustees.

9.     Whether the District Court erred by refusing to vacate its order granting the Defendants' motion to dismiss under FED. R. CIV. PRO. 12(b)(6) and in holding that the Defendants' motion to dismiss was not rendered moot when a real party in interest (a trustee of the Trust) timely ratified this action and moved to join in or be substituted as a party-plaintiff under FED. R. CIV. PRO. 17(a)(3).

10.    Whether the District Court erred by holding that Schwartz, as the duly appointed Trust Protector of the Trust, should be dismissed from the action "with prejudice" when a real party in interest (a trustee of the Trust) timely ratified and moved to join or be substituted as party-plaintiff.

11.    Whether the District Court erred by refusing to appoint a trustee *ad litem* (TAL) or guardian *ad litem* (GAL) to represent the interests of the unrepresented Trust beneficiaries, including the Grantor's other "lineal descendants" and persons not yet born or ascertained.

12.    Whether the District Court erred by holding that South Dakota state law, instead of federal law, controls the appointment process for a TAL or GAL in this action.

13.     Whether the District Court erred by holding that Schwartz "invited error" involving the District Court's ruling that South Dakota state law, instead of federal law, controls the appointment process for a TAL or GAL in this action.

14.     Whether the District Court erred by holding that the Defendants do not have any conflict of interest necessitating or justifying the appointment of a TAL or GAL to protect the interests of the unrepresented Trust beneficiaries, including the Grantor's other "lineal descendants" and persons not yet born or ascertained.

15.     Whether the District Court erred by finding that the Trust agreement authorizes or permits the Defendants to engage in self-dealing transactions with respect to the Trust's assets.

16.     Whether the District Court erred by holding that it was unnecessary or inappropriate to appoint a TAL or GAL to protect the interests of the Grantor's unborn lineal descendants based on its finding that the Defendants' children (the Grantor's grandchildren), who have made no appearance in the action, have adequately represented the interests of the Grantor's unborn lineal descendants under the "virtual representation" doctrine as codified in S.D. CODIFIED LAWS § 55-3-32(3).

17.     Whether the District Court committed reversible error by refusing to extend the temporary restraining order and/or to grant a preliminary injunction under S.D. CODIFIED LAWS § 55-3-20.1 and/or FED. R. CIV. PRO. 65 to restrain and enjoin the Defendants from transferring or otherwise disposing of or exercising any control over any of the funds or proceeds realized from the Defendants' liquidation of the Trust assets.

18.     Whether the District Court erred by holding that S.D. CODIFIED LAWS § 55-3-20.1 does not authorize the Court to grant a preliminary injunction to protect Trust assets or to restrain a Trustee from disposing of Trust assets improperly distributed.

19.     Whether the District Court erred by holding that Schwartz was required to establish the traditional prerequisites for a preliminary injunction set forth in FED. R. CIV. PRO. 65 notwithstanding the applicability of a statutory provision (S.D. CODIFIED LAWS § 55-3-20.1) empowering the Court to grant a preliminary injunction for its enforcement.

20.     Whether the District Court erred by holding that Schwartz failed to establish the traditional prerequisites for a preliminary injunction under FED. R. CIV. PRO. 65.

21.     Whether the District Court erred by holding that Schwartz failed to make a clear showing that he is likely to succeed on the merits of his claims.

       22.    Whether the District Court erred by holding that Schwartz failed to establish irreparable harm if a preliminary injunction is not granted.

       23.    Whether the District Court erred by holding that Schwartz failed to establish that the balance of equities tips in his favor.

       24.    Whether the District Court erred by holding that Schwartz failed to show that a preliminary injunction is in the public interest.